IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AGUSTIN J. AYALA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 1:16-CV-076 |
| | § | |
| THE HOME DEPOT USA, INC; dba THE HOME DEPOT, | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The matter before the Court in this diversity action is Defendant's Motion for Summary Judgment. [Doc. No. 12]. The Defendant has moved for summary judgment under Rule 56(c) on limitations grounds. The Plaintiff has not filed a response to Defendant's Motion. For the reasons below, the Court finds that Defendant's Motion for Summary Judgment should be granted.

### I. Procedural and Factual Background

The Plaintiff alleges that on March 13, 2014, he entered Home Depot Store #6984 located on West Morrison Road in Brownsville, Texas, intending to purchase goods from Defendant. [Pl.'s Compl., Doc. No. 1–3 at 4]. The Defendant is a multinational home improvement supplies retailing company. While in the store, Plaintiff was attempting to gather bricks from a "rack/and or shelf," a structure that Plaintiff contends was unsecured. [*Id.*] According to Plaintiff, the bricks fell from the structure, and Plaintiff reached out to grab the bricks in an effort to prevent the bricks from falling and hitting his foot. [*Id.*] The Plaintiff was apparently unsuccessful, and the falling bricks allegedly caused bodily injuries to his upper back, right arm, right hand, right wrist, and right shoulder area. [*Id.*]

1

The Plaintiff sued Defendant in state court on premises liability grounds. Specifically, Plaintiff pleaded that Defendant knew or should have known about the dangerous state of the unsecured structure that directly and proximately caused Plaintiff's injuries. [*Id.* at 6]. Plaintiff seeks damages for what he alleges is past and future physical injuries and impairment, past and future mental anguish and loss of enjoyment, and past and future medical expenses. [*Id.* at 8]. The Defendant removed the suit to this Court, and filed a Motion for Summary Judgment.

The Defendant argues that Plaintiff's premises liability claim is barred by a two-year statute of limitations for personal injury claims under Tex. Civ. Prac. & Rem. Code § 16.003. [Doc. No. 12 at 2]. The Defendant asserts that although Plaintiff pleaded that the alleged incident occurred on March 13, 2014 and filed his Petition on March 11, 2016, the alleged accident actually occurred on March 4, 2014. [*Id.* at 5–6]. The Defendant argues that summary judgment is warranted as Plaintiff should have filed his suit by March 4, 2016 to fall within the statute of limitations. [*Id.* at 6].

With respect to evidence, Defendant has attached an affidavit from Mr. Jaime Trevino, an operations manager at Home Depot Store No. 6984, who Plaintiff sought out after suffering his claimed injuries. According to Mr. Trevino, Plaintiff told him on March 4, 2014 that he injured a finger on his right hand while shopping for concrete blocks. [Trevino Aff., Doc. No. 12–1 at 3]. Mr. Trevino provided Plaintiff a form to provide a witness statement about the alleged incident. [*Id.*] According to the summary judgment evidence, the Plaintiff wrote:

> My name is Jaime Ayala on 3/4/14 I was in your store to purchase some concrete blocks as was getting some 4x8x16 they came down squatching [sic] my pinky on my right hand between two blocks before they fell to the floor.

2

[Ex. A–1, Doc. No. 12–1 at 6]. Mr. Trevino also avers that Plaintiff allowed him to photograph his driver's license that day to accompany Plaintiff's statement, a photograph which Defendant attaches to its motion. [*Id.* at 7].

Mr. Trevino completed his own witness statement listing the date of the incident as March 4, 2016, and completed an incident report on the same day. [*Id.* at 8]. Mr. Trevino reported the claim to Sedgwick, Defendant's third-party claims administrator for pre-suit general liability claims on March 4, 2016. [Trevino Aff., Doc. No. 12–1 at 8]. The Defendant also attaches the affidavit of Georgette Stringer, the Assistant Manager of Claims for Sedwick, who was assigned to work on Defendant's account. [Doc. No. 12 at 4]. Ms. Stringer conducted a personal review of the information submitted by Mr. Trevino about the alleged incident involving Plaintiff. [*See* Stringer Aff., Doc. No. 12–2 at 2].

The Plaintiff has not filed a response to Defendant's Motion.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the Court should not grant the motion. *Celotex Corp.*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). It is well settled that "the admissibility of summary judgment evidence is subject to the same rules of

admissibility applicable to a trial." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285 (5th Cir.2004) (quoting *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1024 (5th Cir.1995)).

A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. If the non-moving party fails to satisfy its burden, the court must grant summary judgment in the movant's favor. *Smith v. United States*, 391 F.3d 621, 625 (5th Cir.2004).

If there is no response filed to a movant's summary judgment motion, the failure to do so does not permit the court to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Nevertheless, the court can accept as undisputed the evidence set forth in support of the movant's motion for summary judgment. *Id.* The unsworn pleadings of the non-movant who does not respond to a motion for summary judgment do not constitute summary judgment evidence. *See Solo Serve Corp. v. Westowne Associates*, 929 F.2d 160, 165 (5th Cir. 1991).

### III. Analysis

A plaintiff asserting a premises liability claim generally has two years from the date of the injury to file suit. Tex. Civ. Prac. & Rem.Code § 16.003(a). The Plaintiff's non-response means that the Court must accept Defendant's evidence as undisputed. Mr. Trevino avers that Plaintiff's injury was sustained on March 4, 2014. The Defendant has offered admissible, uncontested evidence that the injury Plaintiff complained of is barred by the statute of limitations

for a premises liability action under Texas law. The Plaintiff should have filed his suit on or before March 4, 2016, two years from the date of the alleged injury. Instead, Plaintiff filed suit on March 11, 2016. Per the burden-shifting framework of Rule 56(a), the Plaintiff must provide sufficient evidence to create a triable fact issue as to the date of Plaintiff's injury. The Plaintiff's non-response fails to meet his burden.

## IV. Conclusion

The Defendant has provided competent summary judgment evidence that Plaintiff's claims are time-barred by the statute of limitations for premises liability claims under Texas law. The Plaintiff's non-response does not meet the burden shifted upon him to show a dispute of fact as to the injury's date. The Defendant's Motion for Summary Judgment is hereby granted.

Signed this 29th day of March, 2017.

Andrew S. Hanen
United States District Judge